Van Brunt, P. J.
The relator was charged before a police justice as a disorderly person, in that he had abandoned his wife without adequate support. The justice, after hearing the evidence, made an order requiring the relator to pay six dollars weekly for the support of his family; and," on appeal to the court of special sessions, that court affirmed the order, and this writ of certiorari is brought to review their proceedings and determination.
It appeared that the abandonment, upon the part of the relator, of his wife had been the subject of a previous adjudication, and that the relator had been required to give a bond to pay seven dollars a week for the support of his wife and children, which bond expired on the 7th of May, 1887. The proceedings in question were initiated on the 4th of May, 1887, prior to the time when the provisions of the bond had expired, and a trial was had on the fifth of May, at which the order was made to review which this proceeding has been instituted. It would appear, therefore, that the proceedings were prematurely begun, the relator having complied with the terms of the original bond.
Until the expiration of the time for which that bond ran, no demand could be made upon him for the support of his wife on behalf of the commissioners of charities and •corrections.
The objection that there could be only one conviction for abandonment is not well taken, because the rule that there could be but one abandonment does not at all relate to proceedings of this character. The neglect to provide, according to their means, for their wives and children, makes the persons so neglecting, disorderly persons within the meaning of the statute, and where that fact exists, whether the period has been long or short, or there has been a previous conviction or not, the magistrate has the power to enforce the remedy provided by law.
The provisions in reference to the giving of the bond and the condition thereof in the city of New York, are essentially different from those provided by the Penal Code, and by the express provisions of section 1554 of the consolidation act, such proceedings are to be conducted according to the Revised Statutes and not according to the Penal Code.
By sections 1455, 1456 it is provided that every person who shall neglect to provide, according to his means, for his family or any member of his family, is a disorderly per *330 son, and that in case of a conviction of any such person as a disorderly person the magistrate convicting may make an order specifying a certain sum to be paid to the commissioners of charities and corrections, weekly, for and towards the support of the family of the said defendant. The purport of these sections is to the effect that every person who is found to be a disorderly person within the definition of the statute, may be required to give a bond. The use of the word conviction in these sections means the finding of the court that he is a disorderly person, and has no connection with the use of the word conviction as contained in the Penal Code.
The provisions of the Penal Code in regard to the giving of the bond and those of the consolidation act are entirely inconsistent; in the one case a general bond is to be given, in the other case the bond to be given provides for the payments paid to the commissioners of charities and corrections, a weekly sum for the support of his wife and children; two entirely different and separate and distinct systems; and when a person is found by the magistrate to be a disorderly person, he is convicted as such person within the language of section 1456 of the consolidation act.
The only difficulty as to the proceedings now under review is the fact that at the time of their initiation, the relator was not in default; and it cannot be presumed that after the expiration of the time for which he had paid the allowance required by the court, he would still continue his defiance of the law. It was necessary that he should be in default—that he should neglect after the duty arose, and not that he should be convicted because it was anticipated that he should neglect.
We think for these reasons that the conviction must be reversed.
Daniels and Brady, JJ., concur.